### SCHOLFIELD *v.* UNITED STATES.

*(District Court, D. Maryland. October 6, 1887 )*

ELECTIONS—SUPERVISORS—COMPENSATION.

> *Held,* that a supervisor of election, duly appointed under sections 2011 and 2012, who had attended the registration of voters for 18 days, as required by section 2016, was entitled to the maximum pay of $5 a day for not exceeding 10 days, fixed by section 2031, notwithstanding a notice afterwards issued by the attorney general that the supervisors would be expected to perform their work within 5 days, and would be paid for only 5 days' service.

*(Syllabus by the Court.)*

*John E. Bennett, Jr.,* for petitioner.
*Thomas G. Hayes,* Dist. Atty., for the United States.

MORRIS, J. The plaintiff has brought this case against the United States, in the United States district court for the Maryland district, by filing his petition in accordance with the act of congress of March 3, 1887, *c.* 359, by which jurisdiction in cases against the United States is given to the district court where the amount of the claim does not exceed $1,000, and the claim is founded upon the constitution and laws of the United States, (except pensions;) or upon any regulation of an executive department; or upon any contract, expressed or implied, with the government of the United States; or for damages, liquidated or unliquidated, in cases not sounding in tort,—in respect of which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable. The plaintiff's petition has been duly served upon the district attorney of this district, and upon the attorney general of the United States, as required by the act of congress.

The plaintiff alleges that there is due to him by the United States the sum of $25 for the balance of his compensation as a supervisor of registration and election prior to and during the congressional election of 1886 in the city of Baltimore; he having faithfully and diligently performed his duties, and being entitled to $5 per day for 10 days, and having been paid only $25, payment of the balance claimed by him having been refused. The answer of the United States admits that the plaintiff has performed the services claimed for in his petition; but denies that he is entitled to receive more than the $25 already paid to him, for the reason that by a circular letter addressed by the attorney general of the United

States to the marshal of the district, dated the fifteenth October, 1886, the marshal was directed to notify the supervisors that they would only receive $25. The plaintiff has demurred to the answer of the United States, and joinder in demurrer has been entered.

### FINDINGS OF FACT.

1. I find that the petitioner was duly appointed and commissioned supervisor of election for the Ninth ward of Baltimore city, in the state of Maryland, by the circuit court of the United States, on the fourth September, 1886, in pursuance of sections 2011 and 2012, Rev. St., and the supplements and amendments thereto, and that he duly qualified, and entered upon his duties.

2. I find that the laws of Maryland governing registration for congressional and other elections in the city of Baltimore require the officers of registration, for the purpose of correcting the lists of qualified voters, shall sit with open doors in the several wards of the city, from 9 A. M. to 9 P. M., for 15 successive days, commencing on the first Monday of September; and afterwards, for the purpose of revising the said lists, for three successive days, commencing on the first Monday of October.

3. I find that the petitioner, in pursuance of his said appointment, and of the provisions of section 2016, Rev. St. U. S., which authorized and required him to attend at all times and places fixed for the registration of voters who, being registered, would be entitled to vote for a representative or delegate in congress, and to personally inspect and scrutinize such registration, did attend the said registration in the said ward for which he was appointed for 15 days in September, 1886, and for 3 days in October, 1886, being October 4th, 5th, and 6th, in said year.

4. I find that the United States marshal for this district, on the sixteenth October, 1886, received from the attorney general of the United States a circular letter, in which he notified the marshal that "it is not expected that supervisors and deputy marshals will receive compensation for more than five days' services, and they should be so informed. Within this time all can be done, it is thought, that ought to be."

5. I find that the plaintiff was on duty and had performed 18 days of proper and necessary service as supervisor before the circular letter of the attorney general, relied upon in the answer of the United States, had been issued.

### CONCLUSION.

Section 2031, Rev. St. U. S., provides: "And there shall be allowed and paid to each supervisor of elections * * * who is appointed, and performs his duty, under the preceding provisions, compensation at the rate of five dollars per day for each day he is actually on duty, not exceeding ten days." Under this law the plaintiff earned and is entitled to $50 compensation, and, having received but $25, I sustain the demurrer; and I do give judgment in favor of the plaintiff, against the United States, for the sum of $25, with costs to the plaintiff, being the fees paid by him to the clerk of the court.